and Ray Chad Bullock. Mr. Herbert, are you there on the phone? Yes, Your Honor. All right, and we're waiting for, uh, there she is, there's Miss Lokanot. All right, I think we have everyone and we can proceed. Go ahead, Mr. Herbert. Good morning, Your Honors. This is Marcus Herbert, Counsel for Appellant Chad Bullock. May it please the Court. The underlying issue appealed to the District Court and to the Seventh Circuit centers on whether a debtor may be forced to fund a modified plan with exempt assets. That was thoroughly briefed at the District Court level and then also at the Seventh Circuit level. The appellee focused their brief on the just the appropriateness of the dismissal by the District Court of the appeal as moot and never touched on the underlying merits that were appealed from the bank of support. Um, I think that those issues are vitally important because the policy of the Southern District of Illinois Bankruptcy Court as to Chapter 13 on this issue are exempt assets that come into someone's hands, either the asset that comes into existence post-petition or if the asset was already in existence pre-petition, but it was liquidated into funds post-petition. If they know going into it that those assets are going to be lost in the Chapter 13 to the trustee and be forced to be used to pay creditors, that can even affect the decision whether to file a 13, as well as the underlying fairness or appropriateness of it. So it's a vitally important issue. And it might be important to your client, but we don't have it before us on this appeal. All we have is the District Court's dismissal of the proceeding as or of the case as moot. We don't have the underlying dismissal order in front of us. That's still pending in the District Court, as I understand the case procedurally. And we don't have the underlying merits of your contention in your adversary proceeding before us either, because that would entail construing this as a direct appeal from the Bankruptcy Court's decision, which we don't have procedurally in front of us. So we are limited to the mootness question. Your Honor, the notice of appeal that was filed to the Seventh Circuit specified that two things were being appealed, the dismissal by the District Court of the case as moot and the underlying merits. But the underlying merits were only addressed by the Bankruptcy Court, and we don't have that decision in front of us. You mean the documents aren't part of the record on appeal? Well, no. There are only limited circumstances in which a debtor or someone else in the bankruptcy can take a direct appeal from the Bankruptcy Court to the Court of Appeals. Yes, Your Honor, but this is not a direct appeal. The District Court dismissed the merits appeal from the resolution of the adversary proceeding and the trustee's turnover motion. The District Judge dismissed that as moot once the underlying was dismissed based on your client's default in the modified payment plan, if I'm understanding the procedural machinations of this case correctly. So all we really have is that mootness determination in front of us. So perhaps you should address that. I would definitely do that, but I strongly ask the Court to re-look at the record. I think it's squarely before the Court. As far as the mootness, the District Court, their analysis was very short. They had two reasons that they stated. One is that they sort of made a finding that there was a voluntary compliance by the debtor filing two modified plans as they were ordered to do by the Bankruptcy Court. And that it was characterized as voluntary compliance with the order, and therefore, it was deemed moot. But there was no citation of any statutory or case law that says that that's moot. And as I've briefed in my briefs, including a reply brief, the Seventh Circuit has looked at compliance after a notice of appeal is filed. That does not necessarily moot the appeal. Basically, what it comes down to is, did the debtor evidence an intent to abandon the appeal? And in the Seventh Circuit case cited, that involved paying some court costs that went up on appeal. And after the appeal notice was filed, the debtor complied by paying the court costs. And the District Court said, well, that moots your appeal. That went up to the Seventh Circuit. And the Seventh Circuit says, no, it doesn't. You didn't manifest an intent to dismiss or abandon your appeal. Because in that case, two factors. When you paid the court costs, you wrote on the check that this is payment of a disputed debt. And the debtor attempted to get a stay pending appeal. In this case, the debtor attempted to get a stay pending appeal. And that was direct indication to the Seventh Circuit that the appeal had not been abandoned. And then also, that in the instant case, the two plans that were filed were filed on May 2nd and May 13th of 2019. Mr. Herbert, if I could jump in for just a moment, please. What are you claiming your injury in this appeal is? The injury is that the debtor was denied the opportunity to have the law filed, followed, and have a plan where he could complete Chapter 13 plan without having to forego exempt assets. And that the subsequent not following that, what I'm saying is an illegal order, ultimately resulted in being denied a discharge permanently and his case being dismissed. So are you claiming in this case that your ultimate injury is the dismissal of the bankruptcy? No, the ultimate injury is the disallowance or basically the revoking. It wasn't revoked, but the original plan said pay these amounts. Then after it was learned that the debtor had this workers' comp money that came in, the debtor was ordered to file a modified plan that would pay in whatever was necessary to bring the distribution to the unsecured creditors up to 100%. In other words, he had to forego an exempt asset to fund the plan. That's an injury. And if it's his right to not have to do that, then the consequence is he's denied a discharge in bankruptcy where he could have had a discharge had he only paid approximately 10% of the debt. That was the originally confirmed plan. It would have worked out to about 10% of the debt, but he was denied that because of this order that I'm saying was an illegal order that were subject to the bankruptcy that weren't discharged. Is that correct? Yes, Your Honor. Is this an issue? And as Judge Sykes mentioned at the beginning, there's still a separate appeal on the dismissal of the bankruptcy before the district court, correct? Yes. And I attempted to consolidate the appeals in that motion. Correct. I saw that in the record. The issue that you're raising here in ultimately trying to get resolved of whether or not your workers' compensation claim award should be included as disposable income, is that an issue that you can raise in the pending appeal before the district court? Are you there, Mr. Herbert? Yeah. That issue was raised in the first appeal to the district court. That's the one before us. I'm asking, is that an issue that you can raise in the pending appeal before the district court, not the one that's before us now? Or are you foreclosed from raising that because you didn't object to the plan? I'm foreclosed from raising it. I think, well, first off, the briefing schedule is completed. There's no more briefs to be had. But also that issue had already been lodged in the district court in the first appeal. So it seems that it would have been, to raise the exact same issue that was already pending in the district court in the first appeal, it seems that that would have just been duplicative. And I think the district court might have been offended that I raised the exact same issue that they already had in front of them. No, your option, Mr. Herbert, if you were to, in other words, to preserve and maintain and pursue an appellate challenge to the judgment in the adversary proceeding and the turnover proceeding, both of which went against you, your option was to post a bond in your motion for a stay. And then you would have gotten your stay. And then you could have litigated the merits of the first appeal, but you didn't do that. You complied with the court's order, submitted the modified plan, subjected the asset to access by the creditors. And that was voluntary compliance. There's nothing more to do there. And that was the heart of the mootness order, which I have yet to hear addressed. The exempt assets that were ordered to be included in this modified plan, it was a one lump sum payment. I understand. And it was gone by the time the trustee found out about it. Yeah, so the debtor never actually paid that money in, and that money never was made available to the creditors. I understand, because it was fraudulently not disclosed. But that, again, gets into the merits. Your option was to post a bond to win your stay and litigate the exemption issue before the district court, but you didn't do that. You voluntarily complied with the bankruptcy court's order and submitted your plan and then defaulted on it, and now the case has been dismissed. So I think we've exhausted our questions. It's time to move on to Ms. Lopinot. Ms. Lopinot, you're still muted. Sorry about that, Judge. Good morning, and may it please the court. My name is Mary Lopinot, and I represent the appellee in this case, Russell Simon, the Chapter 13 trustee. After hearing the appellant's argument, I would first like to point out that I believe that the court's understanding of the procedural status of this case is correct. What I would also add to the facts that have already been brought up today is that the bankruptcy court also based its decision, and I know this gets into the merits a little bit, but I think this is an important fact, that some of the funds that the debtor had received, about $37,000 of it, was used to pay his wife's creditors instead of paying his creditors in full, which would have only taken about half of that. And I think that that was the basis for the bankruptcy court's order for the plan modification. Having said all of that, I'd like to proceed to the mootness argument here, which is what is before the court today. The Seventh Circuit has provided guidance for the court in bankruptcy cases, both in adversary proceedings and in plan modification proceedings, as to when the matter is mooted. And in the Seventh Circuit, it is said that a case is mooted, an adversary proceeding is mooted, when there is no remaining life controversy. And that is exactly what we have here in the adversary. As the court pointed out, Judge Sykes, the debtor didn't appeal the order approving the modified plans that he filed. So at that point, the issue that was on appeal before the district court became moot, because the debtor voluntarily complied with the order of the bankruptcy court. There is no more life controversy between the parties as it concerns the adversary action. As for the plan modification, the Garamond v. Powers case provided that the court has to look at the facts of the situation to determine if it can fashion effective relief. And in this case, there is no effective relief that can be fashioned. When that order approving the second modified plan that was filed, when that order approved that, and it went unappealed, it became a final order that was no longer subject to consideration by the court. That order or that plan complying with the modification that was ordered by the bankruptcy court, it mooted that case. It can't be raised again. As to the debtor's analogy to the McKinney case where the debtor went ahead and paid some court fees, in that case, the Seventh Circuit recognized that the debtor had went ahead and paid, but paid under protest, so to speak, because he noted on the check that it was being disputed, in addition to requesting and having been denied a stay of the action. When these two plans that were filed, these two amended plans that were filed by the debtor in response to the bankruptcy court's order, neither one of those plans indicate that the debtor was filing those plans in some sort of dispute or duress with the bankruptcy court. The modifications only noted that they were filing the plan in compliance with the court's order of March 19th, 2019. So, for all intents and purposes, the debtor did not indicate any intention to protest what the court had ordered other than the pending appeal. And so, it's the trustee's position that by voluntarily complying, the debtor ended the issue. The debtor ended the dispute. Now, the debtor wants to come into to this court and ask the court to unring that bell, and it just shouldn't be unrung at this point because the matter is over by the debtor's voluntary compliance. So, as to that particular issue, we think that the comments that the court has made, the trustee is in agreement with, and as to the mootness argument, we have no further position to take on that other than to ask the court to affirm the district court's dismissal of the appeal. All right, thank you very much. And Mr. Herbert, your time had expired, and so the case is taken under advisement. Thanks.